IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 10, 2003

**STATE OF TENNESSEE v. ROBERT M. BASS**

**Direct Appeal from the Circuit Court for Stewart County**
**Nos. 4-1225-CR-99; 4-1345-CR-01; 4-1347-CR-01; 4-1365-CR-01**
**Robert E. Burch, Judge**

**No. M2003-01124-CCA-R3-CD - Filed April 6, 2004**

The Appellant, Robert M. Bass, appeals the sentencing decision of the Stewart County Circuit Court following revocation of his community corrections sentences. The trial court's order provides that Bass is to serve eighteen months in the county jail and, upon service of this term, return to community corrections supervision for the balance of his sentences. Bass argues that the trial court is without authority to impose a sentence in excess of one year's confinement in the jail. The State concedes error. We agree and remand for further proceedings.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Reversed and Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

William (Jake) Bradley Lockert, III, District Public Defender; Richard Taylor, Jr., Assistant District Public Defender, Ashland City, Tennessee, for the Appellant, Robert M. Bass.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Carey Thompson, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

The record presents a lengthy history of the Appellant's failed opportunities in the programs of judicial diversion, probation, and community corrections. In March 2000, the Appellant was placed on diversion following his conviction for statutory rape, a class E felony. Diversion was terminated following the Appellant's new conviction for drug possession; his arrests for statutory rape, assault, trespassing, vandalism, consumption of alcohol, and five counts of contributing to

delinquency of a minor; and program violations consisting of failure to pay probation fees, failure to pay court costs and fines, and failure to perform public service work. Following the Appellant's termination of diversion, he was sentenced to two years of community corrections for his statutory rape conviction. The record reflects that the Appellant was convicted in 2001 of three additional class E felonies, statutory rape and two counts of sale of marijuana and received three two-year community corrections sentences for these convictions. The respective judgment forms appear to indicate an effective six-year community corrections sentence. However, an "Amended Community Corrections Order" of November 12, 2001, refers to the Appellant's four sentences as "a term of four years." A March 2003 order refers to the Appellant's four sentences as a six-year term. The March 24, 2003 community corrections violation proceeding refers to the Appellant's sentences as a four-year period of supervision. Moreover, we note that the March 24th violation proceeding produced no sworn testimony or the introduction of any proof for the State or the Appellant. After what appears to be a round table discussion between the trial court, trial counsel, the Appellant, and a person identified as Mr. Parsons, the trial court made the following pronouncement:

> THE COURT: With as much free time as you've got on community corrections, I'll send you up to the pen and they'll throw you out in just a few months. And I - - I know - - I'm wise to that. It won't happen. . . .
>
> THE COURT: You can do about eighteen (18) months.
>
> THE DEFENDANT: (Thereupon, no audible response from the defendant.)
>
> THE COURT: So ordered.
>
> THE DEFENDANT: I'll be out of here when I get out, anyway. I ain't staying around here.
>
> THE COURT: All right. Do eighteen (18) months and ten (10) days.
> I find you in contempt of court and sentence you to ten (10) days, consecutively.

### Analysis

On appeal, the Appellant asserts that the trial court, following revocation, was without authority to impose a sentence of eighteen months to be served day for day.[1] We agree that the Appellant's sentence is improper.

> Under T.C.A. § 40-35-306, a period of confinement up to one year can be imposed along with probation. The Sentencing Commission Comments refer to this use of confinement coupled with probation as 'shock probation.' Given, as well, that a

---

[1]Contrary to the Appellant's assertion, the record does not indicate that the trial court ordered the Appellant to serve this sentence day for day.

community corrections sentence is provided as a sentencing alternative in T.C.A. §
40-35-104(c)(8), we see no reason why the legislature would consider the term of
confinement for 'shock' value authorized under the Community Corrections Act to
be any different than that allowed for probation. Thus, in the appropriate case, a one-
year period of confinement could be imposed in conjunction with, as a condition of,
a community corrections sentence.

*State v. Jimmy D. Johnson*, No. 03C01-9602-CC-00062 (Tenn. Crim. App. at Knoxville, Oct. 16,
1997); *see also State v. Tim Mattingly*, No. M2002-02765-CCA-R3-CD (Tenn. Crim. App. at
Nashville, Sept. 2, 2003); *State v. Alicia Tharpe*, No. M2002-00992-CCA-MR3-CD (Tenn. Crim.
App. at Nashville, Apr. 4, 2003); *State v. Adrian Patterson*, No. M2001-01991-CCA-R3-CD (Tenn.
Crim. App. at Nashville, Sept. 23, 2002).

When a defendant violates the terms of a community corrections sentence, the trial court may
either (1) revoke the community corrections sentence and resentence the defendant to any appropriate
sentencing alternative, including incarceration, Tennessee Code Annotated section 40-36-106(e)(4)
(2003), or (2) not revoke the sentence and allow the defendant to continue to serve in the community
corrections program.

As in this case, if the trial court opts to allow a defendant to continue serving in the
community corrections program despite a violation, then it may impose, as a condition, additional
requirements, including a period of incarceration. This is authorized because the trial court "retain[s]
the authority to alter or amend at any time the length, terms or conditions of the sentence imposed."
Tenn. Code Ann. § 40-36-106(e)(2). However, in the event that the trial court imposes incarceration
as a condition, the period of confinement may not exceed one year.[2] *Jimmy D. Johnson*, No. 03C01-
9602-CC-00062.

Because the sentence is unauthorized, we remand this matter to the trial court for further
proceedings with instructions to clarify the length of the Appellant's effective sentence.
Furthermore, because the trial court found it appropriate not to revoke but to continue the
Appellant's placement in a program of community corrections with the added condition of
confinement, this case is remanded for service of a period of confinement not to exceed one year.

---

[2] Tennessee Code Annotated section 40-35-501(a)(3) (2003) provides that inmates with a sentence of two years
or less "shall have the remainder of their original sentence suspended upon reaching their release eligibility date." A
panel of this court has held that this section is applicable to a community corrections sentence. *State v. Jermaine
Reshawn Scott, Anthony Ray Tharpe, and Felicia Ann Taylor*, No. W2002-01812-CCA-R3-CD (Tenn. Crim. App. at
Jackson, Dec. 30, 2003) (holding that the period of confinement may not exceed the defendant's release eligibility date
of 219 days for his two-year community corrections sentence). Although the Appellant's sentences are two-year
sentences, the provisions of Tennessee Code Annotated section 40-35-501(a)(3) further provide that "[s]uch release shall
not occur for sentences of two (2) years or less when such sentences are part of a consecutive sentence whose term is
greater than two (2) years." Because the Appellant's consecutive sentences equal a term greater than two years, the
provisions of Tennessee Code Annotated section 40-35-501(a)(3) are not applicable to the Appellant. *See also* Tenn.
Code Ann. § 40-35-501(a)(2).

Corrected judgment forms should be prepared to reflect the trial court's sentencing decision upon remand.

## CONCLUSION

Because we find that the trial court imposed an unauthorized sentence based upon a violation of the Appellant's community corrections behavioral agreement, we reverse the judgments of the trial court and remand the matter for further proceedings consistent with this opinion.

_____
DAVID G. HAYES, JUDGE